Case 2:20-cv-10627-KM-ESK   Document 21   Filed 10/26/20   Page 1 of 2 PageID: 203

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MEDWELL, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTHCARE OF NEW JERSEY, INC., CONNECTICUT GENERAL LIFE INSURANCE COMPANY, JOHN DOES 1–20, JANE DOES 1–20, XYZ CORPORATIONS 1–20, and ABC PARTNERSHIPS 1–20,**<br><br>    **Defendants.** | Civ. No. 20-10627 (KM) (ESK)<br><br>**PROCEDURAL ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

    Pending before the Court is MedWell, LLC's motion to remand. (DE 8.) In opposition, Cigna Defendants argue that one of MedWell's claims is completely preempted under the Employee Retirement Income Security Act of 1974 "(ERISA"), 29 U.S.C. § 1001, *et seq.* (DE 13.) To establish complete preemption, Cigna Defendants will need to show, among other things, that MedWell "is the type of party that can bring a claim" under ERISA. *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017) (emphasis omitted). That showing entails proving that MedWell has a valid assignment of benefits from Cigna-insured patients. *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018). MedWell argues for the first time in its reply brief that Cigna Defendants have failed to establish that there is no anti-assignment clause in their plans with patients treated by MedWell that would void any assignment. (DE 14 at 9–11.) *See generally Am. Orthopedic*, 890 F.3d at 447–48 (noting that anti-assignment clauses have proliferated); *N.*

*Jersey Brain & Spine Ctr. v. United Healthcare Ins. Co.*, Civ. No. 18-15631, 2019 WL 6317390, at *3 (D.N.J. Nov. 25, 2019) (explaining that reviewing the plan for an anti-assignment clause is necessary to determine complete preemption), *report & recommendation adopted by* 2019 WL 6721652 (D.N.J. Dec. 10, 2019). Because Cigna has the burden of demonstrating that removal is proper, because it possesses the relevant information, and because Medwell raised this argument for the first time in a reply brief to which Cigna had no opportunity to respond,

IT IS this 26th day of October, 2020

ORDERED that the Cigna Defendants shall submit a surreply addressing the anti-assignment clause issue raised in MedWell's reply. The sur-reply is not to exceed five pages and must be submitted within seven days. Accompanying exhibits may be submitted.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**