# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Steven L. Penaro**                    Direct Dial: **212-210-9460**                    Email: **steve.penaro@alston.com**

**VIA ELECTRONIC FILING**

November 10, 2020

The Honorable Kevin McNulty
United States District Court Judge
United States District Court for the District of New Jersey
50 Walnut St.
Newark, NJ 07101

Re:   *MedWell, LLC v. CIGNA Corporation, et al.*
      Docket No.: 2:20-cv-10627-KM-ESK

Dear Judge McNulty:

We represent Defendants Cigna Corporation, Cigna Health and Life Insurance Company, Cigna Healthcare of New Jersey, Inc., and Connecticut General Life Insurance Company ("Cigna") in the above-referenced matter. We submit this letter in response to Plaintiff Medwell, LLC's ("Medwell") letter regarding certain material that Cigna submitted in connection with its Surreply in Opposition to Medwell's Motion to Remand (Dkt. No. 24).

### A.   The Venus Laboratories and Harris Corporation Benefit Plan Anti-Assignment Provisions

In response to this Court's request that Cigna address Medwell's assertion that Cigna had not established that the benefit plans at issue are void of anti-assignment clauses, Cigna submitted select pages from two example summary plan descriptions of benefit plans applicable to patients at issue in Medwell's unjust enrichment claim. (*See* Dkt. Nos. 22 and 23.) Both of the two summary plan descriptions that Cigna submitted expressly allow assignments to providers. (*Id*.)  In addition, Cigna submitted sworn testimony from a Senior Advisor in Cigna's Special Investigations Unit attesting that the relevant Medwell patients were beneficiaries of the benefit plans for which Cigna submitted the summary plan descriptions on the dates the respective patients received services from Medwell. (Dkt. No. 22-1 ¶¶ 10, 14 (attesting that "[o]n the dates that C.B. purportedly received services from Medwell, she was a beneficiary of the Venus Laboratories Plan" and "[o]n the dates

Alston & Bird LLP                                                                                                                                         www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

The Honorable Kevin McNulty
November 10, 2020
Page 2

that C.Y. purportedly received services from Medwell she was a beneficiary of the Harris Corporation Plan.").

Two days later, without first seeking leave of court, Medwell filed a letter suggesting that the summary plan descriptions that Cigna submitted were misleading.[1] (Dkt. No. 24.) Specifically, Medwell argues that the summary plan descriptions that Cigna submitted were not in effect at the time the two patients received services from Medwell. (*Id.* at 1-2.) Medwell makes this argument based on the fact that the year the summary plan descriptions were issued is not the same year the patient received services from Medwell.

As Cigna's Senior Advisor has already attested to previously, the summary plan descriptions Cigna submitted reflected the valid and effective terms of the applicable benefits plans on the dates the respective patients allegedly received services from Medwell. However, out of an abundance of caution, Cigna provides herewith an additional declaration reaffirming that the relevant plan language reflected in the summary plan descriptions that Cigna submitted was in effect on the dates the patients allegedly received services from Medwell. (*See* Exhibit A, Declaration of John DiManno ¶¶ 12, 16.) As explained in the attached declaration of John DiManno, typically, new summary plan descriptions for benefit plans insured and/or administered by Cigna, such as the two summary plan descriptions Cigna submitted, are produced every three years, unless there are major plan changes or upon request by the Plan. (*Id.* ¶ 10.) In the years where new summary plan descriptions are not produced, Cigna produces riders for any language or benefit changes, including any changes to anti-assignment provisions. (*Id.*) Here, neither summary plan description contains a rider regarding assignment of benefits, meaning no changes were made to the benefit plans regarding assignment of benefits. (*Id.* ¶¶ 11, 15.) Thus, the provision in the summary plan descriptions providing that "medical benefits are assignable to the provider" was still the operative plan language on the date the respective patients received services from Medwell. (*Id.* ¶¶ 12, 16.) Accordingly, for at least these two patients, Medwell has an assignment of benefits under an ERISA-governed plan with an express provision allowing assignments.

For all of these reasons, Medwell's reference to a later version of the Venus Laboratories summary plan description purportedly dated January 1, 2020 is irrelevant. Even assuming the 2020 summary plan description has the anti-assignment provision that Medwell claims it does, those plan terms were not in effect when the relevant patient received services from Medwell in 2019. The terms in the summary plan description that Cigna submitted reflected the operative plan language.

---

[1] Medwell also complains that Cigna has not provided copies of the full benefit plans. (Dkt. No. 24 at 2.) Cigna provided Medwell with unredacted copies of the exact exhibits that were filed under seal with the Court. Medwell's demands for additional documents and information outside of the discovery process is improper.

The Honorable Kevin McNulty
November 10, 2020
Page 3

### B.     Medwell's Redacted Claims for Reimbursement

Additionally, Medwell accuses Cigna of "refusing" to provide unredacted copies of the claims for reimbursement that were filed with Cigna's Opposition to Plaintiff's Motion to Remand. (Dkt. No. 24 at 2.) As Medwell acknowledges, however, the only information redacted from the claims for reimbursement is individually identifiable health information that Cigna is prohibited from disclosing under the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations. By law, Cigna cannot disclose such information to a third party (including Medwell's counsel) absent certain circumstances. As Cigna already explained to Medwell, in accordance with HIPAA regulations, Cigna is willing to provide unredacted copies of the claims for reimbursement subject to an appropriate protective order. Cigna invited Medwell to provide a draft protective order for Cigna to review. Medwell's counsel refused and instead filed its letter with the Court misleadingly alleging that Cigna has refused to disclose individually identifiable health information. Cigna remains willing to provide the requested information subject to a suitable protective order.

For all of the foregoing reasons and the reasons set forth in Cigna's Surreply in Opposition to Medwell's Motion to Remand, for at least some of the claims for reimbursement at issue in Medwell's unjust enrichment claim, Medwell has an assignment of benefits from its patients under an ERISA-governed plan with an express provision allowing assignments. Accordingly, at least some of Medwell's claims for reimbursement at issue in its unjust enrichment claim are preempted by ERISA, rendering federal jurisdiction proper in this case.

Sincerely,

*/s/ Steven L. Penaro*

Steven L. Penaro