# EXHIBIT A

Steven L. Penaro
**Alston & Bird LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
steve.penaro@alston.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MedWell LLC, a limited liability company | |
| Plaintiff, | |
| v. | Case No. 2:20-cv-10627-KM-ESK |
| CIGNA Corporation; CIGNA Health and Life Insurance Company; CIGNA Healthcare of New Jersey, Inc.; Connecticut General Life Insurance Company; John Does and Jane Does 1-20; and XYZ Corporations and ABC Partnerships 1-20, | ***Document Filed Electronically*** |
| Defendants. | |

## DECLARATION OF JOHN DIMANNO IN SUPPORT OF DEFENDANTS' LETTER IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1. My name is John DiManno, and I am over eighteen (18) years of age, under no legal disability, and competent in all ways to give this declaration.

2. I am duly authorized to make this declaration on behalf of Cigna. I have the personal knowledge of the following facts or have learned those facts by reviewing Cigna's business records kept in the ordinary course of business. If sworn as a witness, I could competently testify to the facts contained herein.

3.My position at Cigna is Senior Advisor in the Special Investigations Unit. I have worked for Cigna for over three (3) years.

4.In that role, I am responsible for advising the SIU in connection with investigations and litigation concerning health-care fraud, waste, and abuse. Through my responsibilities with Cigna, I am familiar with the benefit plans that Cigna insures and/or administers.

5.I have reviewed the Declaration of Steven Penaro (the "First Penaro Declaration") (Dkt. Nos. 13-1, 13-2), counsel for Cigna in the above-captioned action, and all attached exhibits.

6.I have also reviewed the Second Declaration of Steven Penaro (the "Second Penaro Declaration") (Dkt. No. 22-1), and all attached exhibits.

7.Attached to the First Penaro Declaration are copies of excerpts of claims for reimbursement submitted to Cigna by Plaintiff Medwell, LLC ("Medwell"), for services allegedly rendered to subscribers or beneficiaries of benefit plans insured and/or administered by Cigna between September 10, 2019 and June 5, 2020.

8.Among those claims for reimbursement is a claim submitted by Medwell for services allegedly rendered to patient C.B.[1] on September 10, 2019.

9.Attached to the Second Penaro Declaration are true and accurate select pages of the Venus Laboratories, Inc. Open Access Plus Medical Benefits Summary Plan Description ("Venus Laboratories Plan SPD") dated January 1, 2018. This document reflects the valid and effective terms of the Venus Laboratories Open Access Plus Medical Benefits health plan (the "Venus Laboratories Plan") on September 10, 2019, when C.B. allegedly received services from Medwell.

---

[1] The initials of the patient instead of the full patient name are used to protect the patient's individually identifiable health information in accordance with the federal Health Insurance Portability and Accountability Act of 1996 and its implementing regulations.

10. Typically, new summary plan descriptions for benefit plans insured and/or administered by Cigna, such as the Venus Laboratories Plan SPD, are produced every three years, unless there are major plan changes or upon request by the Plan. In the years where new SPDs are not produced, Cigna produces riders for any language or benefit changes, including any changes to anti-assignment provisions.

11. In this instance, there is no rider to the Venus Laboratories Plan SPD reflecting any changes to the Venus Laboratories Plan relating to assignment of benefits in 2019. This means there were no changes in 2019 relating to assignment of benefits to the January 1, 2018 Venus Laboratories Plan SPD.

12. Thus, the provision in the January 1, 2018 Venus Laboratories Plan SPD that provides, "medical benefits are assignable to the provider" was still the operative plan language on September 10, 2019, when C.B. allegedly received services from Medwell.

13. Also among the claims for reimbursement attached to the First Penaro Declaration is a claim submitted by Medwell on behalf of patient C.Y. for services that C.Y. received on October 1, 2019.

14. Attached to the Second Penaro Declaration are true and accurate select pages of the Harris Corporation Comprehensive Medical Benefits Summary Plan Description (Harris Corporation Plan SPD") dated January 1, 2017. This document reflects the valid and effective terms of the Harris Corporation Comprehensive Medical Benefits health plan (the "Harris Corporation Plan") on October 1, 2019, when C.Y. purportedly received services from Medwell.

15. There is no rider to the Harris Corporation Plan SPD reflecting any changes to the Harris Corporation Plan relating to assignment of benefits. This means there were no changes relating to assignment of benefits to the January 1, 2017 Harris Corporation SPD.

16.     Thus, the provision in the January 1, 2017 Harris Corporation Plan SPD that provides, "medical benefits are assignable to the provider" was still the operative plan language on October 1, 2019, when C.Y. allegedly received services from Medwell.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November 2020, in Hartford, Connecticut.

*John P. DiManno*
John DiManno