# SARMASTI PLLC

A NEW YORK PROFESSIONAL SERVICE LIMITED LIABILITY COMPANY
WWW.SARMASTIPLLC.COM

**NEW JERSEY OFFICE**
FAIRFIELD COMMONS
271 U.S. HIGHWAY 46 WEST
SUITE A 205
FAIRFIELD, NJ 07004
TELEPHONE (973) 882-6666
FACSIMILE (973) 882-8830

**NEW YORK OFFICE**
TIMES SQUARE
729 SEVENTH AVE.
17TH FLOOR
NEW YORK, NY 10019
TELEPHONE (212) 736-9119
FACSIMILE (212) 736-3820

November 12, 2020

**VIA ELECTRONIC COURT FILING**
The Honorable Kevin McNulty, U.S.D.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:  *MedWell, LLC v. CIGNA Corporation,* et al.
            Docket No. 2:20-cv-10627-KM-ESK

Dear Judge McNulty:

      We represent the plaintiff, MedWell, LLC ("Plaintiff" or "MedWell") in the above-referenced matter. Pursuant to L. Civ. R. 7.1(d)(6), we are writing to request that the Court permit MedWell to file a sur-reply brief responding to the numerous substantive and procedural deficiencies of defendants' collective sur-reply papers ("Defendants' Sur-Reply" or the "Sur-Reply"), the most recent of which were filed Tuesday evening after the defendants requested, but did not receive, the Court's leave to file the same. *See* ECF No. 26.

      Generally, permission to file a sur-reply brief should be granted when the record and the parties' prior submissions are insufficient or when a sur-reply brief is otherwise warranted "[i]n the interests of justice." *See*, *e.g.*, *Smith v. Merck & Co.*, No. 13-cv-2970, 2016 U.S. Dist. LEXIS 56166, at *2 n.1 (D.N.J. April 27, 2016); *Lasoff v. Amazon.com, Inc.*, No. 15-cv-2886, 2016 U.S. Dist. LEXIS 9878, at *1 n.2 (D.N.J. Jan. 28, 2016); *National Util. Serv., Inc. v. Chesapeake Corp.*, 45 F. Supp. 2d 438, 445 (D.N.J. 1999); *see also United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) ("A surreply is most appropriate where the new matter introduced is factual.") (internal citation omitted).

      Here, Plaintiff is in possession of information that will reveal that the parties' current submissions are insufficient and warrant, in the interests of justice, the filing of a sur-reply because, among other reasons, Defendants' Sur-Reply contains, among other things, declarations, including, without limitation, a third declaration from an individual named John DiManno, containing new factual allegations that appear to be fraudulent or are otherwise so profoundly misleading that they warrant permitting MedWell the opportunity to respond to the same in order to ensure that the Court decides the pending motion on a complete record. Specifically, our office has obtained information and documents through MedWell that will demonstrate that numerous material representations in Defendants' Sur-Reply papers, including, without limitation, in Mr. DiManno's third declaration, are false or misleading.

      Given that the defendants have now effectively filed two sur-replies, and for the reasons noted above, we respectfully request the opportunity to file a sur-reply limited to eight (8) pages,

SARMASTI PLLC

The Hon. Kevin McNulty, U.S.D.J.
November 12, 2020
Page 2

along with supporting exhibits, in the form of a brief that, like MedWell's previously-filed briefs and unlike those of the defendants, will satisfy the applicable requirements of L. Civ. R. 7.2. If the Court grants leave, we will be able to prepare and file our papers no later than three (3) business days from the date on which leave is granted.

We thank the Court for its consideration of this request. Should the Court require any additional information, we will endeavor to provide it.

Respectfully submitted,

**SARMASTI PLLC**
Attorneys for Plaintiff

By: _____
Christopher Salloum

Granted, but brief, not including exhibits, limited to 3 pages.

SO ORDERED

s/Kevin McNulty
Hon. Kevin McNulty
U.S. District Judge
Date: 11/20/2020

2