## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEDWELL, LLC,**<br><br>               **Plaintiff,**<br><br>     v.<br><br>**CIGNA CORPORATION,** *et al.*,<br><br>          **Defendants.** | **Case No. 20–cv–10627–KM–ESK**<br><br>**OPINION AND ORDER** |

**KIEL, U.S.M.J.**

   **THIS MATTER** is before the Court on the motion to seal (Motion to Seal) filed by defendants Cigna Corporation, Cigna Health and Life Insurance Company, Cigna Healthcare of New Jersey, Inc., and Connecticut General Life Insurance Company (collectively, defendants) (ECF No. 28), seeking an order sealing "Exhibits A and B" (ECF No. 23) to the Second Declaration of Steven L. Penaro, Esq. (ECF No. 22-2), which was submitted in support of defendants' sur-reply (ECF No. 22) to plaintiff's motion to remand (ECF No. 8).   Plaintiff opposes the Motion to Seal.   (ECF No. 34.)   Defendants filed a reply brief in further support of the Motion to Seal.   (ECF No. 36.)   For the following reasons, the Motion to Seal is **GRANTED**.

## <u>BACKGROUND</u>

   Plaintiff filed the complaint in the Superior Court of New Jersey, Bergen County on July 3, 2020.   (ECF No. 1-2.)   Plaintiff is a healthcare provider that claims defendants stopped paying certain claims it submitted for services provided to defendants' insureds.   (*Id.* ¶¶ 9, 30, 31.)   Plaintiff asserts: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) quantum meruit; (iv) unjust enrichment; (v) promissory estoppel; (vi) equitable estoppel; (vii) tortious interference with current business relations; (viii) tortious interference

with prospective economic advantage; and (ix) negligence.   (ECF No. 1-2 pp. 10–17.)

Defendants removed this matter on August 17, 2020 pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because plaintiff's claims "arise under and are preempted by the Employee Retirement Income Security Act of 1974 [(ERISA)] … thus supplying federal question jurisdiction."   (ECF No. 1 p. 1.)   Plaintiff's motion to remand followed.   (ECF No. 8.)   Defendants opposed, arguing, in part, that removal was proper under ERISA § 502 "because this Court has federal question jurisdiction over [plaintiff]'s unjust enrichment claim and supplemental jurisdiction over [plaintiff's] remaining state law claims."   (ECF No. 13 p. 4.)   In reply, plaintiff disputed whether defendants met their "obligation to first establish the existence of plans governed by" ERISA (*id.* p. 3), since defendants "failed to provide the actual copies of the plan documents [or] proof of the actual assignments for the Court's review."   (ECF No. 14 pp. 12, 13.)

On October 26, 2020, District Judge Kevin McNulty entered a procedural order (Procedural Order) stating, "[plaintiff] argues for the first time in its reply brief that [defendants] have failed to establish that there is no anti-assignment clause in [defendants'] plans with patients treated by [plaintiff] that would void any assignment."   (ECF No. 21 p. 1.)   The demonstrable absence of an anti-assignment clause would support a finding of complete preemption under ERISA and thus establish the Court's "federal question" subject matter jurisdiction.   (*Id.* p. 2.)   Judge McNulty directed defendants to file a sur-reply addressing the issue with "[a]ccompanying exhibits," if necessary.   (*Id.*)

Defendants filed their sur-reply on November 2, 2020.   (ECF No. 22.)   The sur-reply included the Declaration of John P. DiManno, a Senior Advisor in

2

the Special Investigations Unit at "Cigna"[1] (DiManno) (ECF No. 22-1), along with the Second Declaration of Steven L. Penaro, Esq. (ECF No. 22-2, with placeholders for "Exhibits A and B."   (ECF Nos. 22-3 and 22-4.)   Exhibits A and B (Exhibits) were filed separately under seal.   (ECF No. 23.)   On November 11, 2020, plaintiff requested leave to file a sur-sur-reply (ECF No. 27), which the Court granted (ECF No. 29).   On November 25, 2020, plaintiff filed a sur-sur-reply.   (ECF No. 30.)

Judge McNulty denied the motion to remand on December 4, 2020.   (ECF Nos. 32, 33.)   Judge McNulty found that "Cigna produced two 'representative' plans pursuant to which [plaintiff] submitted claims for reimbursement … Both plans affirmatively allow for assignments to a provider … So it would seem that Cigna has made the requisite showing."   (ECF No. 32 pp. 5, 6.)

While the motion to remand was pending, the present Motion to Seal was filed on November 16, 2020.   (ECF No. 28.)

## DISCUSSION

### I.   THE PARTIES' POSITIONS

#### A.   Defendants' Position

Defendants believe that the Exhibits "reflect important, commercially sensitive, highly confidential, and proprietary product details regarding the plan terms for plans that Cigna administers for its clients."   (ECF No. 28 ¶ 4.) According to defendants, the Exhibits also "reflect details regarding the operation of the plan and how benefits are paid … These details are the product of private contractual negotiations between Cigna and its clients," and the plans "are the property of third parties, not Cigna, [so] Cigna is not at liberty to disclose the proprietary details of its clients' benefit plans."   (*Id.* ¶¶ 5, 6.)   They contend that

---

[1] DiManno's Declaration does not specify whether he is employed with Cigna Corporation, Cigna Health and Life Insurance Company, or Cigna Healthcare of New Jersey, Inc. (collectively, Cigna).

"[t]he disclosure of these details would place Cigna and its clients at a competitive disadvantage if one [of] their competitors obtained the proprietary information contained in the Exhibits." (*Id.* ¶ 7.) Defendants also claim that "[a] less restrictive alternative to sealing the Exhibits is not available because Cigna must submit [the] Exhibits … in response to the Court's Procedural Order … to establish that some of the benefit plans at issue do not contain anti-assignment provisions." (*Id.* ¶ 8.)

In support of the Motion to Seal, Defendants also rely on the Fourth Declaration of DiManno. (ECF No. 28-3.) DiManno declares that the information contained in the Exhibits "include[s] details regarding the operation of the benefit plan and how benefits are calculated and paid" and "are the product of private contractual negotiations between Cigna and its clients." (*Id.* ¶ 8.) "This information, if made public, would cause harm to Cigna, as it would place Cigna [] at a competitive disadvantage if one of its competitors obtained the information in these documents." (*Id.*) DiManno further declares that "Cigna considers these details proprietary and confidential and diligently protects against their disclosure to the public." (*Id.* ¶ 9.) Defendants also provided a detailed Index with their Motion to Seal, satisfying Local Civil Rule 5.3(c)(3). The Index: (i) identifies the party requesting material to be sealed; (ii) describes the basis for sealing, *i.e.*, the legitimate interest that warrants the relief sought; (iii) articulates clearly defined and serious injury that would result if the relief sought is not granted; and (iv) explains why a less restrictive alternative to the relief sought is not available. (ECF No. 28-4.)

### B.   Plaintiff's Position

In opposition to the Motion to Seal, plaintiff points out that defendants have "routinely filed" documents relating to summary plan descriptions in other district courts without seeking to seal such documents. (ECF No. 34 p.2.) Plaintiff also questions whether defendants' attempt to confer with plaintiff on the

4

matter of sealing the subject Exhibits, pursuant to Local Civil Rule 5.3(c)(2)(i), was "meaningful." (*Id.* p. 4.)   Plaintiff represents that, "[i]n a sincere good faith effort to determine the basis for Defendants' belief that the [Exhibits] should be sealed, Plaintiff's counsel requested more information." (*Id.*)  The opposition also challenges the sufficiency of the Motion to Seal, since "Defendants' moving papers do not provide any reasons or facts to support [defendants'] conclusory statements[.]" (*Id.* p. 7.)   In support of this particular argument, plaintiff states, "[Defendants] do not explain how Defendants' articulated conclusory [reasons] for sealing outweigh the public's strong presumptive right of public access to judicial records.   They do not provide specific information about the nature and the extent of the purported injury that they might sustain should the [Exhibits] not be sealed." (*Id.*)

## C.  **Defendants' Reply**

In their reply, defendants contend that good cause exists to seal the Exhibits, which were submitted solely "to address [plaintiff]'s assertion that [defendants] had failed to demonstrate that [the] benefit plans [at issue] exist—for the sole purpose of determining jurisdiction[.]" (ECF No. 36 p. 1.)   Defendants also represent that "[i]n recent years, Cigna has consistently sought leave to file similar documents under seal" due to the confidential nature of their terms and competitive harm to Cigna [in the event] those terms [are] disclosed." (*Id.*)   They also note that the subject Exhibits are merely "tangential" to the ultimate issues in this matter. (*Id.* p. 2.)   Finally, defendants assert that courts routinely grant requests to seal documents containing confidential plan terms and seal judicial records containing trade secrets, confidential research, or other commercial information to prevent competitive harm where the need for confidentiality outweighs any right of public access to private, business documents. (*Id.* p. 3.)

## II.   ANALYSIS

There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). However, litigants can request to seal information upon a showing of "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).   To establish good cause, the party moving to seal must make "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).   The Motion to Seal is governed by Local Civil Rule 5.3(c)(2), which requires defendants to describe: (i) the nature of the materials or proceedings at issue; (ii) the legitimate private or public interest which warrants the relief sought; (iii) the clearly defined and serious injury that would result if the relief sought is not granted; and (iv) why a less restrictive alternative to the relief sought is not available.   L. Civ. R. 5.3(c)(2).   (*See also* ECF No. 28-4.)   Once the Court evaluates each of these factors, its ultimate decision must derive from a balancing test placing the specific need for privacy against the general presumption of public access.   *Pansy*, 23 F.3d at 787.

### A.   Public Concern

As to the first factor, the Court's determination rests on whether the materials sought to be sealed "involve [] matters of legitimate public concern." *Pansy*, 23 F.3d at 788.   Where the materials "involve [] issues or parties of a public nature, and involve [] matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality." *Id.* (citation omitted).   Plaintiff in opposition identifies no countervailing "legitimate public concern." (ECF No. 34.)   Conversely, defendants' Index demonstrates that the Exhibits "[c]ontain [] commercially sensitive, highly confidential, and proprietary product details regarding the plan terms for plans that Cigna administers for its clients." (ECF No. 28-4.)   According to DiManno, "Cigna

6

considers the [] details [in the Exhibits] proprietary and confidential and diligently protects against their disclosure to the public." (ECF No. 28-3 ¶9.) In light of DiManno's sworn statements, and insofar as plaintiff fails to identify any "legitimate public concern" with regard to the Exhibits, the first factor weighs in favor of sealing the Exhibits. *See Pansy*, 23 F.3d at 788 ("On the other hand, if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.")

## B. Private or Public Interest

As to the second factor, the Court examines "whether there is a legitimate private or public interest which merits sealing the documents." *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-02606, 2016 WL 266353, at *4 (D.N.J. Jan. 21, 2016). "In operation, this factor is often utilized to weigh legitimate private interests against the public's general interest in disclosure, as well as the public's specific interest in information involving 'matters of legitimate public concern.'" *Id.* (quoting *Castellani v. City of Atl. City*, 102 F.Supp.3d 657, 669 (D.N.J. Apr. 9, 2015)). Again, plaintiff fails to identify any "general interest" the public may have in disclosure of the information contained in the Exhibits, let alone a "specific interest" tied to any "legitimate public concern." (ECF No. 34.) Moreover, defendants have identified and articulated their legitimate private interest in seeking to seal the Exhibits. DiManno declares that such information is proprietary, confidential, and the result of "private contractual negotiations between Cigna and its clients." (ECF No. 28-3 ¶¶ 8–12.)

Courts in this District have granted motions to seal where a person or business has a legitimate private interest in preventing public disclosure of "business agreements, trade secrets, or commercial information." *Bock v. Pressler & Pressler, LLP*, No. 11-07593, 2014 WL 1233039, at *3 (D.N.J. Mar. 25, 2014). In the absence of any public interest in the disclosure of the Exhibits, and given

7

the confidential, proprietary, and commercial nature of the information defendants seek to protect from disclosure, the second factor weighs in favor of sealing the Exhibits.

### C.   Clearly Defined Serious Injury

As to the third factor, the Court determines "whether the moving party has demonstrated that a 'clearly defined and serious injury' would occur if the documents are publicly available." *In re: Benicar*, 2016 WL 266353, at *4 (citing Local Civil Rule 5.3). "Where the moving party has demonstrated [that] disclosure would result in a clearly defined and serious loss of a competitive business advantage, factor three weighs in favor of protecting the disputed document." *Goldenberg v. Indel, Inc.*, No. 09-05202, 2012 WL 15909, at *4 (D.N.J. Jan. 3, 2012).   Defendants have met their burden by providing a detailed Index complying with Local Civil Rule 5.3(c)(3), along with the Declaration of DiManno. DiManno avers that the Exhibits contain information that, "if made public, would cause harm to Cigna, as it would place Cigna [] at a competitive disadvantage if one of [Cigna's] competitors obtained the information in these [Exhibits]."   (ECF No. 28-3 ¶ 8.)

Plaintiff characterizes defendants' burden of rebutting the default presumption of public access to judicial records as a "heavy" one.   (ECF No. 34 pp. 10, 12 (citing *Millhouse v. Ebbert*, 674 F.App'x 127, 128 (3d Cir. 2017)).)   But the *Millhouse* Court held that the burden is met by "showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Millhouse*, 674 F.App'x at 128 (citing *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The burden, however "heavy," is not oppressive or unrealistic.   True, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Cendant Corp.*, 260 F.3d at 194.   However, here, defendants have demonstrated that they will suffer a clearly defined and serious injury if the

information contained in the Exhibits is publicly disclosed (ECF No. 28-3), and have cited to case law (ECF No. 36 p.3) establishing that the material in the Exhibits is of the kind that courts will protect. *Millhouse*, 674 F.App'x at 128. As such, the third factor in favor of sealing the Exhibits.

### D.   <u>Overbreadth</u>

As to the fourth factor, the Court examines whether the moving party's request to seal is overbroad. *Bock*, 2014 WL 1233039, at *3. A motion to seal is overbroad where the moving party's interest "can be adequately served by filing a more narrowly tailored" motion to seal. *Id.* Defendants' Index provides, "[a] less restrictive alternative to sealing the Exhibits is not available … Cigna [was required to] submit Exhibits A and B in response to the Court's Procedural Order … to establish that some of the benefit plans at issue do not contain anti-assignment provisions. Cigna has submitted only those portions of the summary plan descriptions which are necessary to establish this." (ECF No. 28-4.)

I find that defendants have no less restrictive alternative to sealing the Exhibits, which should be sealed in their entirety. As a practical matter, the Procedural Order directed defendants to submit a sur-reply addressing an argument raised for the first time in plaintiff's reply brief, and thus, effectively required defendants to submit the Exhibits. (ECF No. 21 p.2.) Defendants selected "*only those pages necessary* to rebut [plaintiff]'s argument" that defendants failed to demonstrate that the benefit plans at issue exist. (ECF No. 36 p.1 (emphasis added).) As such, the Exhibits were filed solely to address the issue of subject matter jurisdiction. Ultimately, Judge McNulty was satisfied that the content of the Exhibits (ECF No. 23) established federal question jurisdiction. (ECF Nos. 32, 33.)

The issue becomes whether defendants could have sought a less restrictive alternative to sealing the Exhibits in their entirety. Plaintiff essentially proposes that defendants should have to redact portions of the Exhibits, which would leave

some of the information publicly available.   In this case, plaintiff's proposal is neither reasonable nor tenable.   Defendants have adequately established that the Exhibits should be sealed in their entirety, since DiManno has declared that the information in the Exhibits: (i) is the product of private contractual negotiations between Cigna and its clients; (ii) is confidential and proprietary; and (iii) if disclosed, would harm Cigna.   (ECF No. 28-3 ¶¶ 8–12.)   There is no meaningful way for the Court to discern which portions of the Exhibits should be redacted (and which portions should be left alone).   From DiManno's sworn statements, it would seem the Exhibits must be sealed in their entirety.   And since defendants prepared the Exhibits solely to clarify the issue of subject matter jurisdiction, the Exhibits appear to involve no matters of legitimate public concern that would otherwise warrant disclosure, in whole or in part.   The fourth factor weighs in favor of sealing the Exhibits.

### E.   <u>Balancing</u>

Finally, having evaluated each of the factors under Local Civil Rule 5.3(c)(3), my ultimate decision must derive from a balancing test placing the specific need for privacy against the general presumption of public access.   *Pansy*, 23 F.3d at 787.   For the reasons stated, I find that defendants have sufficiently demonstrated a specific need for privacy to the information in the Exhibits, which overcomes the general presumption of public access.

Accordingly,

## <u>ORDER</u>

**IT IS** on this   **28th** day of **December 2020**   **ORDERED** that:

1.     Defendants' Motion to Seal (**ECF No. 28**) is **GRANTED**.

2.     The Clerk of the Court is directed to seal "Exhibits A and B" (**ECF No. 23**) to the Second Declaration of Steven L. Penaro, Esq. (ECF No. 22-2).

3.     The Clerk of the Court is directed to terminate the Motion at ECF No. 28.


___/s/ Edward S. Kiel___
EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE